IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PERATON GOVERNMENT COMMUNICATIONS, INC.,<br><br>Petitioner,<br><br>vs.<br><br>HAWAII PACIFIC TELEPORT L.P.,<br><br>Respondent. | Case 1:20-cv-00287-JMS-RT<br><br>DECLARATION OF REX Y. FUJICHAKU |

## **DECLARATION OF REX Y. FUJICHAKU**

I, Rex Y. Fujichaku, declare as follows:

1. I am a Hawai'i licensed attorney with the law firm Bronster Fujichaku Robbins and I am one of the attorneys representing Respondent Hawaii Pacific Teleport L.P. ("Hawaii Pacific Teleport"). I am competent to testify as to the matters set forth herein. Except where indicated that a statement is made on information and belief, I make the following statements based on my personal knowledge.

2. Respondent seeks leave of court to file under seal Exhibits "11" and "12" to Respondent Hawaii Pacific Teleport L.P.'S Motion to Vacate Arbitration Award ("Motion"), which was filed on September 21, 2020.

3. Pursuant to LR 5.2(b)(2), "[n]o pleading, declaration, affidavit, document, picture, exhibit, or other matter may be filed under seal without leave of

court upon motion unless . . . (2) filing under seal is otherwise required by state or federal law or an order already entered in the case.

4.   Moreover, FRCP 26(C)(1)(G) provides that the Court may issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]"

5.   Attached as Exhibit "11" to the Motion is a true and correct excerpt of the *Written Direct Testimony of Leeana Smith-Ryland*, dated January 10, 2020. The document has been designated confidential.

6.   The testimony of Ms. Smith-Ryland contains HPT's confidential commercial information that is not public.  For example, it contains the details of the confidential negotiation and execution of HPT's Carrier Services Agreement effective as of December 15, 2017 and Service Order 2025 between HPT and Peraton.  The testimony also reflects the details of the confidential negotiations and agreements between HPT and Eutelsat S.A. ("Eutelsat").

7.   Attached as Exhibit "12" to the Motion are true and correct copies of Arbitration *Exhibits C-7, C-8, C-91* and Respondent Peraton Government Communications, Inc.'s *Exhibit 14*.  The documents have been designated confidential.

8.   The communications contained in Exhibit "12" reflect the details of the confidential negotiation and execution of HPT's Carrier Services Agreement

effective as of December 15, 2017 and Service Order 2025 between HPT and Peraton. For example, Arbitration Exhibits C-7, C-8, C-91 discuss specific rates per MHz for the satellite bandwidth from various suppliers and other conditions. They also reflect the details of the confidential negotiations and agreements between HPT and Eutelsat.

9. Open public disclosure of HPT's negotiations with Peraton and Eutelsat, the satellite bandwidth rates charged by suppliers, and other contractual conditions will reveal confidential information and practices to current and future vendors, suppliers and others with whom HPT may enter into agreements. This disclosure will detrimentally affect HPT's ability to successfully negotiate with such parties.

10. Accordingly, HPT submits that the Exhibits should be filed under seal. *See, e.g., Wilcox v. Lloyds TSB Bank, PLC*, 2016 WL 11594177, *2 (D. Haw. Jan. 8, 2016) (sealing email communications and business overview where "public filing of this information could cause Defendant competitive harm because it reflects Defendant's market research and experience related to the loan product at issue").

11. Based on the foregoing, Respondent respectfully requests that this Court enter an Order allowing Respondent to file Exhibits "11" and "12" to the Motion under seal.

4

I hereby declare under penalty of perjury that the foregoing is true and correct to best of my knowledge.

DATED: Honolulu, Hawaiʻi, September 21, 2020.

*/s/ Rex Y. Fujichaku*
REX Y. FUJICHAKU